Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

Estee Ward, Esq.
MAKE THE ROAD NEW YORK
92-10 Roosevelt Avenue
Jackson Heights, New York 11372
T. (718) 656-8500
F. (866) 420-9169
E-mail: estee.ward@maketheroadny.org
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIMIA SANTOS, on behalf of herself, and others similarly situated, | Case No.  21 CV 192 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| -against- | |
| CANCUN AND CANCUN CORP. dba DELICIAS MEXICANAS, PEDRO DOMINGUEZ, ISAURO VALDEZ, and DONNA M. VALDEZ, individually, | ECF Case |
| Defendants. | |

Plaintiff, Nimia Santos ("Plaintiff"), on behalf of herself, and other similarly situated employees, by and through her undersigned attorneys, Cilenti & Cooper, PLLC and Make the Road New York, files this Complaint against Defendants, Cancun and Cancun Corp., *doing business as* Delicias Mexicanas, and Pedro Dominguez, Isauro

Valdez, and Donna M. Valdez, individually (collectively, "Defendants"), and states as follows:

## INTRODUCTION

1.       Plaintiff, Nimia Santos, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.       Plaintiff, Nimia Santos, further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day she worked a span of greater than ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.       Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.       Plaintiff is an adult resident of Queens County, New York.

6.     Defendant, Cancun and Cancun Corp., dba Delicias Mexicanas, is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business at 102-14 Roosevelt Avenue, Corona, New York 11368.

7.     At all times relevant to this action, the corporate defendant has been and is a Mexican restaurant, preparing and selling food and drink to the general public.

8.     The performance of Plaintiff's job responsibilities was controlled by the corporate and individual defendants.

9.     Upon information and belief, Defendant, Pedro Dominguez, is the owner, general manager, officer, director and/or managing agent of Delicias Mexicanas, whose address is unknown at this time and who participated in the day-to-day operations of Delicias Mexicanas and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Delicias Mexicanas.

10.     Upon information and belief, Defendant, Isauro Valdez, is a co-owner, general manager, officer, director and/or managing agent of Delicias Mexicanas, whose address is unknown at this time and who participated in the day-to-day operations of Delicias Mexicanas and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Delicias Mexicanas.

11.     Upon information and belief, Defendant, Donna M. Valdez, is a co-owner, general manager, officer, director and/or managing agent of Delicias Mexicanas, whose address is unknown at this time and who participated in the day-to-day operations of Delicias Mexicanas and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Delicias Mexicanas.

12.     The individual defendants each exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13.     Defendant, Pedro Dominguez, exercised sufficient control over Delicias Mexicanas' day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law. He established payroll policies and practices; maintained payroll records, and had the authority to control work schedules, hire employees, fire employees, and sign checks.

14.     Defendant, Isauro Valdez, exercised sufficient control over Delicias Mexicanas' day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law. He established payroll policies and practices; maintained payroll records, and had the authority to control work schedules, hire employees, fire employees, and sign checks.

15.     Defendant, Isauro Valdez, directed Plaintiff's work and supervised her on a regular basis.

16.     Defendant, Donna M. Valdez, exercised sufficient control over Delicias Mexicanas' day-to-day operations as to be considered an employer of Plaintiff, under the FLSA and New York Labor Law. She directed Plaintiff's work and supervised her on a daily basis.

17.     Upon information and belief, Defendant, Donna M. Valdez, kept a notebook of Plaintiff's hours and wages.

18.     Plaintiff, Nimia Santos, was employed by Defendants in Queens County, New York, to work as a server at Defendants' Restaurant known as "Delicias Mexicanas" from in or about September 2018 through March 2020, without interruption, with the exception of approximately one (1) month, in or about May 2019, when she was recuperating from a medical procedure.

19.     At all relevant times, Delicias Mexicanas was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20.     At all relevant times, the work performed by Plaintiff, Nimia Santos, was directly essential to the restaurant business operated by Cancun and Cancun Corp. dba Delicias Mexicanas.

21.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Nimia Santos, lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

22.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Nimia Santos, lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

23.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiff, Nimia Santos, lawfully earned "spread of hours" premiums in contravention of New York Labor Law.

24.     Plaintiff, Nimia Santos, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

25.     In or about September 2018, Plaintiff, Nimia Santos, was hired by Defendants to work as a server at Defendants' restaurant known as "Delicias Mexicanas" located at 102-14 Roosevelt Avenue, Corona, New York 11368.

26.     Plaintiff, Nimia Santos, worked for the corporate and individual Defendants in the capacity of a food server between September 2018 until March 2020, without interruption, except for one (1) month in or about May 2019, when she was not able to work while she recuperated following a medical procedure.

27.     During Plaintiff's employment by Defendants, she occasionally worked over forty (40) hours per week. Plaintiff generally worked five (5) shifts per week. Her typical assigned schedule was midnight through 8:00 a.m., and she often stayed until 9:00 a.m. or 10:00 a.m.

28.     Most weeks, Plaintiff was also required to work one "double" shift, in which she remained at work until 7:00 p.m. or 8:00 p.m., a shift of over twenty (20) hours

29.     Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid a flat rate of thirty-five dollars ($35.00) per shift and worked five (5) shifts per week. She was not paid hourly, or for every hour worked, and, work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

30.     When Plaintiff worked the day shift in addition to the night shift, she was paid an additional thirty dollars ($30.00).

31.     Plaintiff also earned received tips from Delicias Mexicanas customers averaging approximately sixty ($60.00) to seventy ($70.00) per shift. Customers either left cash gratuities on the tables she served or paid Plaintiff gratuities at a rate of $10.00 to join them for a drink.

32.     Upon information and belief, Defendants kept no records of the total amount of tips that Plaintiff earned per night.

33.     Even including gratuities described above, Defendants failed to pay Plaintiff the required minimum wage.

34.     Plaintiff Nimia Santos was paid in cash, and she was not given a wage statement or other legally required documentation of her hours, hourly rate, and pay.

35.     Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying her regular hourly rate of pay and corresponding overtime rate of pay.

36.     Defendants are not entitled to take a "tip credit" under federal or state law because they: (i) failed to properly provide notice to Plaintiff, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing Plaintiff, of

the amount of "tip credit" taken for each payment period; (iii) Plaintiff's tips were not sufficient to meet the minimum wage requirements for the location in which it was performed; and (iv) the purported tip credit, if one were claimed, was improper as far as the minimum wage was not paid, and as such, the tip credit was not applied correctly for the minimum wage and the overtime rates.

37.    Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

38.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

39.    Plaintiff was paid no wages at all for her last three (3) weeks of work, when she worked five (5) shifts during two (2) weeks, and six (6) shifts during one (1) week.

40.    Defendants illegally deducted from Plaintiff's wages the cost of multiple uniforms, which she was required to wear to work.

41.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.    Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

43.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

44.     Defendant, Pedro Dominguez, is an individual who, upon information and belief, owns the stock of Delicias Mexicanas, owns Delicias Mexicanas, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

45.     Defendant, Isauro Valdez, is an individual who, upon information and belief, owns the stock of Delicias Mexicanas, owns Delicias Mexicanas, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

46.     Defendant, Donna M. Valdez, is an individual who, upon information and belief, owns the stock of Delicias Mexicanas, owns Delicias Mexicanas, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff brings this action individually and as representative on behalf of herself and all other current and former non-exempt employees who have been or were employed by Defendants between January 2018 through the date that the opt-in period expires as set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage, and less than time and one-half the statutory minimum wage, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

48.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there may be dozens of individuals who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.   Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

49.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

50.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

51.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress

for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

52.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.     Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether the Defendants failed to keep accurate wage and hour records for hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.     Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wages and overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.     Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f.     Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

53.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54.     Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

55.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Defendants employed Plaintiff and the collective action members, within the meaning of the FLSA.

58.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

59.     Plaintiff, Nimia Santos, as well as other similarly situated employees, worked hours for which she was paid no wages; and at all other times, she was paid less than the statutory minimum hourly wage.

60.     At all relevant times, Plaintiff and others similarly situated, were paid a flat fee per shirt, in cash; she was not paid an hourly wage, and the restaurant did not keep track of her working hours using a time clock or similar system.

61.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and similarly situated employees, for her hours worked.

62.     Defendants failed to pay Plaintiff and similarly situated employees, minimum wages in the lawful amount for her hours worked.

63.     Plaintiff, Nimia Santos, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

64.     Defendants failed to pay Plaintiff and similarly situated employees, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

65.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and similarly situated employees, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and similarly situated employees, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

67. Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

68. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

69. Defendants failed to properly disclose or apprise Plaintiff, Nimia Santos, of her rights under the FLSA.

70. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

71. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

72. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

73. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

75.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay wages for all hours worked, and minimum wages in the lawful amount for hours worked.

76.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour she worked in excess of forty (40) hours in a workweek.

77.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums for each day she worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

78.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

79.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

80.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

81.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

82.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

83.     Plaintiff was not provided with a proper, written, wage notice, as required by law.

84.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

85.     Defendants did not provide Plaintiff, with accurate written statements properly accounting for her actual hours worked and setting forth her hourly rate of pay, regular wages, and/or overtime wages.

86.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

87.     Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

88.     As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiff with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

89.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

90.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Nimia Santos, on behalf of herself and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages and statutory penalties as a result of

Defendants' failure to pay minimum wages, overtime compensation, and

"spread of hours" premiums pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with

reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       January 13, 2021

                                        Respectfully submitted,

By:     _____

                                        Peter H. Cooper  (PHC 4714)

                                        CILENTI & COOPER, PLLC
                                        **Co-counsel for Plaintiff**
                                        10 Grand Central
                                        155 East 44th Street – 6th Floor
                                        New York, NY 10017
                                        Telephone  (212) 209-3933
                                        Facsimile. (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

By:     _____

                                        Estee L. Ward (EW 3217)

                                        MAKE THE ROAD NEW YORK
                                        **Co-counsel for Plaintiff**
                                        92-10 Roosevelt Avenue
                                        Jackson Heights, New York 11372
                                        Telephone (718) 565-8500
                                        Facsimile (866) 420-9169
                                        E-mail: Estee.Ward@maketheroadny.org

18

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Nimia Santos_, am an employee currently or formerly employed by _Delicias Mexicanas_, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_January 12,_____, 2020

_(signature)_